UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ANN S. RHODES                              CIVIL ACTION NO. 11-cv-0552

VERSUS                                     JUDGE STAGG

WHATABURGER RESTAURANTS, LP                MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Ann Rhodes ("Plaintiff") filed suit in state court against Whataburger Restaurants, LP ("Whataburger") for alleged personal injuries stemming from a slip/trip and fall over a rug at a Whataburger restaurant. Whataburger removed the case based on an assertion of diversity jurisdiction. The court has an independent duty to examine the basis for subject-matter jurisdiction, even if no objection is raised by a party. The current record, as explained below, does not establish with adequate detail the citizenship of the parties.

Plaintiffs are alleged to be domiciled in Louisiana, which makes them citizens of this state. Whataburger alleges that it is a Texas limited partnership, so it is a citizen of every state in which one of its partners, ordinary or limited, is a citizen. Carden v. Arkoma Associates, 110 S.Ct. 1015 (1990).

Whataburger represents that it has one general partner, Whataburger Management, LLC. The citizenship of an LLC is determined by the citizenship of all of its members. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008). The LLC is said to have

one member, Whataburger Partnership. Whataburger represents that it has only one limited partner, the same Whataburger Partnership.

The next question is the citizenship of the members of Whataburger Partnership. The notice of removal states that Whataburger Partnership has 14 partners: three individuals and 11 trusts. The notice does not identify the individuals or the trusts or provide any information about them other than a general assertion that all of them "are citizens of the State of Texas for the purpose of removal." That is not adequate.

When members of a partnership are themselves partnerships, trusts, or the like, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be. Feaster v. Grey Wolf Drilling Co., 2007 WL 3146363 (W.D. La. 2007). The need for such detail was demonstrated by Mullins v. TestAmerica, Inc., 2008 WL 4888576 (5th Cir. 2008), when the court refused to consider the merits of an appeal until the record distinctly and affirmatively alleged the citizenship of a limited partnership. The Court turned to the merits only after the citizenship had been traced, with specificity, "down the various organizational layers" and in accordance with the rules that apply to the various forms of entities. Mullins v. TestAmerica Inc., 564 F.3d 386, 397-98 (5th Cir. 2009). The Mullins opinions make clear that general allegations that all members or partners are of diverse citizenship from the parties on the other side, without factual specificity, are not sufficient. This court has seen a number of cases where the parties were confident there was diversity

because "all members of the LLC are citizens of" diverse states, but diversity and subject matter jurisdiction unraveled when the court required the parties to allege citizenship in detail. Requiring those allegation early in the case avoids the waste of time and resources that have been seen in cases such as Howery v. Allstate, 243 F.3d 912 (5th Cir. 2001), where Allstate saw a favorable judgment slip away on appeal because it neglected to plead its principal place of business when in district court, and Elliot v. Tilton, 62 F.3d 725, 729 (5th Cir. 1995) (vacating judgment and chastising district court for not engaging in this kind of inquiry early in the case). See also Burford v. State Line Gathering System, LLC, 2009 WL 2487988 (W.D. La. 2009) (removing defendant could not, when ordered by the court, definitively establish all states in which it was a citizen).

Whataburger will be allowed until **May 6, 2011** to file an Amended Notice of Removal that identifies the individual partners and alleges their domicile with specificity. The Amended Notice of Removal must also provide factual detail about the trusts to ensure that they have no Louisiana citizenship. It is not clearly resolved whether the citizenship of a trust is based on that of its trustee, beneficiary, or both. See Oak Den Farms, LLC v. Travelers Indemnity Co., 2008 WL 115179 (E.D. La. 2008). Whataburger must, therefore, identify both the trustees and beneficiaries of the 11 trusts. Of course, if any of those are entities, the exercise in exploring the layers must continue. If any of the trusts have Louisiana citizenship by virtue of their trustee but not beneficiaries, or vice versa, the court will be forced to make a decision with respect to the unsettled trustee citizenship issue.

Whataburger must by the May 6, 2011 deadline file an Amended Notice of Removal that sets forth all of the necessary citizenship information, file a motion for extension of time based on a good-faith belief that the necessary information can be gathered and alleged in a reasonable period, or advise the court that it is unable to set forth the information necessary to satisfy this order. If the latter course is pursued, a remand will be required for a lack of showing of subject-matter jurisdiction.

Gathering and presenting this information may be difficult, or even impossible, given the multiple layers of modern commercial entities. But the courts have required specific facts to support an assertion of complete diversity even when limited partnerships had thousands of publicly traded interests that changed hands frequently. See Moran v. Gulf South Pipeline Co., LP, 2007 WL 276196 (W.D. La. 2007) and Masion v. Liberty Mutual Insurance Co., 2006 WL 1675378 (W.D. La. 2006). To do otherwise would not adequately respect the requirement that there be complete diversity of citizenship before the federal court may exercise its limited jurisdiction under 28 U.S.C. § 1332.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 15th day of April, 2011.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE